# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*

JAMIE PINELLI,                \*

                                 \*      No. 17-704V

              Petitioner,    \*      Special Master Christian J. Moran

                                 \*

v.                                   \*      Filed: December 7, 2018

                                  \*

SECRETARY OF HEALTH   \*      Attorneys' Fees and Costs

AND HUMAN SERVICES,     \*

                                  \*

              Respondent.   \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*

Howard Scott Gold, Gold Law Firm, Wellesley Hills, MA, for Petitioner;
Mollie Danielle Gorney, U.S. Department of Justice, Washington, DC, for
Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

      Jamie Pinelli brought a successful petition for compensation under the
National Childhood Vaccine Compensation Program. She now seeks an award for
attorneys' fees and costs. She is awarded $21,983.10.

---

[1] The undersigned intends to post this Ruling on the United States Court of
Federal Claims' website. This means the ruling will be available to anyone with
access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14
days to identify and move to redact medical or other information, the disclosure of
which would constitute an unwarranted invasion of privacy.  If, upon review, the
undersigned agrees that the identified material fits within this definition, the
undersigned will redact such material from public access. Because this unpublished
ruling contains a reasoned explanation for the action in this case, undersigned is
required to post it on the United States Court of Federal Claims' website in
accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)
(Federal Management and Promotion of Electronic Government Services).

\*     \*     \*

Represented by Mr. Howard Gold, Ms. Pinelli filed her petition for compensation on May 30, 2017. Ms. Pinelli alleged that the influenza ("flu") vaccine that she received on February 21, 2016, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), caused her to suffer Guillain-Barré syndrome. The parties were able to informally resolve the case, agreeing to a joint stipulation on award of compensation that was then adopted. Decision, issued August 22, 2018.

On December 4, 2018, petitioner filed an amended motion for reimbursement of attorneys' fees and costs, requesting a total of $21,983.10 (representing $20,671.00 in attorneys' fees and $1,312.10 in attorneys' costs). Petitioner's Application for Attorneys' Fees and Costs ("Fees App.") at 1.[2] Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs in pursuit of this litigation. Id.

On October 3, 2018, respondent filed his response to the petitioner's motion. In his response, respondent did not object to petitioner's request. Resp't's Resp. at 2. Instead, the respondent stated that he is "satisfied that the statutory and other legal requirements for an award of attorneys' fees and costs are met" and recommended that the undersigned exercise his discretion in determining "a reasonable award for attorneys' fees and costs." Id. at 2-3.

This matter is now ripe for adjudication.

\*     \*     \*

Because Ms. Pinelli received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). Thus, the question at bar is whether Ms. Pinelli's requested amount is reasonable.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step

---

[2] Previously, petitioner had filed her filed her motion for attorneys' fees and costs on October 3, 2018. Due to a discrepancy involving the total amount of costs, petitioner filed an amended motion with a corrected costs total on December 4, 2018.

process. <u>Avera v. Sec'y of Health & Human Servs.</u>, 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" <u>Id.</u> at 1347-48 (quoting <u>Blum v. Stenson</u>, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. <u>Id.</u> at 1348.

### A.    Reasonable Hourly Rates

Ms. Pinelli requests that her attorney, Mr. Gold, be compensated for his work at the following rates: $370.00 per hour for work performed in 2016, $380.00 per hour for work performed in 2017, and $390.00 per hour for work performed in 2018. Fees App. at 5-8. She also requests that paralegal work be compensated at $125.00 per hour. <u>Id.</u>

The aforementioned rates have been consistently found to be reasonable by other special masters. <u>See</u> <u>Gentry v. Sec'y of Health & Human Servs.</u>, No. 16-1108V, 2018 WL 2805457 (Fed. Cl. Spec. Mstr. May 11, 2018); <u>Zamora v. Sec'y of Health & Human Servs.</u>, No. 16-567V, 2018 WL 1310485 (Fed. Cl. Spec. Mstr. Feb. 13, 2018). Accordingly, no adjustment to the requested rates is necessary.

### B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. <u>See</u> <u>Saxton v. Sec'y of Health & Human Servs.</u>, 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. <u>See</u> <u>McIntosh v. Sec'y of Health & Human Servs.</u>, 139 Fed. Cl. 238 (2018).

To facilitate the process of evaluating the reasonableness of an attorney's activities, in November 2004, the Office of Special Masters issued revised Guidelines for attorneys. The Guidelines state "counsel are advised to maintain detailed contemporaneous records of time and funds expended under the Program." Office of Special Masters, <u>Guidelines for Practice under the National Vaccine Injury Compensation Program</u> (Rev. Nov. 2004) at § XIV. Detailed (or stated another way, non-vague) contemporaneous records are the petitioner's responsibility and allow the Office of Special Masters to determine the

reasonableness of attorneys' fees requests. See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011) (stating that requiring entries which permit effective review of the fees is in accord with cases from the Federal Circuit and the Supreme Court).

Upon review of the submitted billing statement, the undersigned finds the hours billed to be reasonable. Accordingly, Ms. Pinelli is awarded attorneys' costs in the amount of $20,671.00.

C.   <u>Costs Incurred</u>

The fees application also asks for reimbursement in the amount of $1,312.10 in for costs incurred by counsel's firm. Fees App. Ex. 2 at 3. Like attorneys' fees, a request for reimbursement of costs must be reasonable. <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), <u>aff'd</u>, 33 F.3d 1375 (Fed. Cir. 1994).

Upon review, the undersigned finds all of the requested costs to be reasonable. They include medical records, travel for counsel to meet with petitioner, and the Court's filing fee, all of which are costs typically incurred in Vaccine Program litigation. Petitioner has provided adequate documentation for all of her requested costs, and they shall be reimbursed in full in the amount of $1,312.10.

D.   <u>Conclusion</u>

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$21,983.10** (representing $20,671.00 in attorneys' fees and $1,312.10 in costs) as a lump sum in the form of a check jointly payable to petitioner and her counsel, Mr. Howard Gold, Esq.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

s/Christian J. Moran
Christian J. Moran
Special Master